IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ARTHUR HAROLSON,

    Plaintiff,                     No. CIV S-04-1987 GEB DAD P

    vs.

KEVIN McCLURE, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a county jail inmate proceeding pro se and in forma pauperis with a civil rights action. At screening, the court dismissed plaintiff's complaint with leave to amend. Plaintiff's amended complaint is before the court.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.[1] See 28 U.S.C. § 1915A(a). The court must dismiss all claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

---

[1] For purposes of the screening requirement, a prisoner is a person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program. 28 U.S.C. § 1915(A)(c).

1

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes the pleading in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his amended complaint, plaintiff sues Kevin McClure, a Redding parole officer. Plaintiff commences his statement of claim by acknowledging his obligation to demonstrate that he suffered a deprivation of a federally protected right.  Plaintiff cites the Eighth Amendment prohibition of cruel and unusual punishment.  Plaintiff then sets forth the following facts:  On June 18, 2002, plaintiff was a parolee living with his girlfriend, Lana Sanchez; on that date he had a disagreement with Ms. Sanchez at her house; Ms. Sanchez called the Redding Police Department to ensure that plaintiff left her residence; the Redding Police Department called defendant McClure, who was plaintiff's parole officer; defendant McClure wrote a warrant for plaintiff's arrest, and plaintiff was arrested the next day in Red Bluff; defendant McClure went to Ms. Sanchez' house to investigate her call to the police; while at Ms. Sanchez' house, defendant McClure revealed information about plaintiff's criminal history, specifically that plaintiff was a recently released child molester, and said he would make certain that plaintiff got two extra years on his parole violation; plaintiff was on parole on a charge of kidnaping his wife; the information revealed to Ms. Sanchez concerned an old case to which plaintiff pleaded no contest in March 1987; defendant McClure told Ms. Sanchez about the old case because Ms. Sanchez is white, plaintiff is black, and defendant McClure wanted to break them up; defendant McClure stated falsely in the parole violation charges that plaintiff had tried to engage in anal sex with Ms. Sanchez; Ms. Sanchez testified at plaintiff's parole hearing that she said nothing to defendant McClure about plaintiff trying to engage in anal sex with her and defendant McClure made it up. Plaintiff asserts that defendant McClure should be held responsible for his lies and for revealing information from plaintiff's C-file to Ms. Sanchez when that information was no concern of hers.

In his prayer for relief, plaintiff alleges that defendant McClure has been biased and disrespectful of black men throughout his career, that every black parolee has the same experience with defendant McClure, and that the defendant's bias and disrespect caused plaintiff

to receive twelve months in prison. Plaintiff reiterates that it was wrong for defendant McClure to reveal to plaintiff's girlfriend information from plaintiff's prison records. Plaintiff seeks compensatory damages in the amount of $250,000.00 and punitive damages in an amount to be decided by a jury.

Where a prisoner seeks money damages based on allegations that imply the invalidity of the prisoner's confinement, the prisoner may not seek damages pursuant to § 1983 until he establishes, through appropriate state or federal remedies, that the confinement is illegal. Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff has not alleged that his parole violation has been invalidated. Accordingly, plaintiff may not seek damages for his claim that he received twelve months in prison. To the extent that plaintiff claims it was the defendant bias and a false statement that caused plaintiff to receive a twelve-month prison term, plaintiff's claims for damages are not cognizable under § 1983 and must be dismissed without prejudice. Plaintiff may re-file these claims in a new case at a later time if his parole violation is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

Aside from his claims that bias and a false statement led to a twelve-month prison term, plaintiff appears to be claiming that his Eighth Amendment rights were violated when defendant McClure revealed sensitive information to plaintiff's girlfriend about plaintiff's criminal history after the girlfriend called the police to make sure plaintiff left her house. Plaintiff does not allege that he suffered any harm as a result of the revelation. Indeed, plaintiff alleges that the girlfriend testified on his behalf at the hearing on the parole violation charges and contradicted a false statement by defendant.

The Eighth Amendment prohibits cruel and unusual punishments. Under this constitutional provision, prison officials have a duty to provide humane conditions of confinement, must ensure that inmates receive adequate food, clothing, shelter, and medical care,

4

and must take reasonable measures to guarantee the safety of inmates. See Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). It is well established that the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, however, for "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

   In order to state an Eighth Amendment claim, a plaintiff must allege facts that satisfy a two-part test. First, the plaintiff's allegations must show that objectively he suffered a sufficiently serious deprivation of his right not to be subjected to cruel and unusual punishment. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Second, the plaintiff's allegations must show that subjectively the defendant had a culpable state of mind in allowing the plaintiff's serious deprivation to occur. Id. at 299. The facts alleged must demonstrate that the defendant acted with deliberate indifference to the plaintiff's rights. Id.

   In the present case, plaintiff's allegations fail to demonstrate that he was subjected to unnecessary and wanton infliction of pain or that he was deprived of any of life's necessities when defendant McClure revealed part of plaintiff's criminal history to plaintiff's girlfriend. The allegations against defendant McClure in this regard do not demonstrate either a sufficiently serious deprivation or a culpable state of mind.

   Plaintiff has not cured the defects of his original complaint. It does not appear that further amendment of the pleading would result in the statement of a valid claim cognizable in federal court at the present time. The amended complaint should therefore be dismissed without leave to amend. See Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir. 1989).

/////

/////

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 15, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
haro1987.56